IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE DAVIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-2464 |
| | ) | No. 2:07-cr-20040 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER**

Before the Court is Movant Johnnie Davis' June 17, 2016 Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 1.) The United States of America (the "Government") responded on February 16, 2017. (ECF No. 8.) Davis replied on March 6, 2017. (ECF No. 9.)

For the following reasons, the Court DENIES Davis' motion and DENIES a certificate of appealability ("COA").

**I. Background**

In January 2008, Davis pled guilty to two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Case No. 2:07-cr-20040, ECF No. 105.) The Court sentenced Davis to 35 years in prison. (Id., ECF No. 139.) The Sixth Circuit vacated that sentence and remanded for resentencing. See United States v. Davis, 365 F. App'x 615,

616 (6th Cir. 2010). On remand, the Court again sentenced Davis to 35 years in prison. (Case No. 2:07-cr-20040, ECF No. 302.) The Sixth Circuit affirmed that sentence in June 2012. See United States v. Davis, 485 F. App'x 762, 762 (6th Cir. 2012).

Davis filed the instant motion on June 17, 2016. He contends his convictions under 18 U.S.C. § 924(c) are unlawful for two reasons: (1) under Johnson v. United States, 135 S.Ct. 2551 (2015), 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague; and (2) 18 U.S.C. § 924(c)(3)(A) cannot support his convictions.

**II. Analysis**

Neither of Davis' arguments is well-taken.[1] The Sixth Circuit has held that Johnson does not invalidate 18 U.S.C. § 924(c)(3)(B). Even if Johnson invalidated § 924(c)(3)(B), § 924(c)(3)(A) independently supports Davis' convictions.

Eighteen U.S.C. § 924(c) imposes mandatory minimum sentences for anyone who uses or carries a firearm during or in relation to a "crime of violence." The statute defines "crime of violence" as:

> [A]n offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

[1] The Government does not argue that Davis' claim is untimely filed under the one-year statute of limitations at 28 U.S.C. § 2255(f). The Court, therefore, need not address timeliness. See Day v. McDonough, 547 U.S. 198, 206, 209 (2006) (holding that the analogous one-year limitations period at 28 U.S.C. § 2244(d)(1)(A) for habeas petitions brought by state prisoners is not jurisdictional and need not be considered sua sponte).

2

>     (B) that by its nature, involves substantial
>     risk that physical force against the person or
>     property of another may be used in the course
>     of committing the offense.

18 U.S.C. § 924(c)(3). Davis pled guilty to using and carrying a firearm during and in relation to two crimes of violence: robbery of a credit union, in violation of 18 U.S.C. § 2113(a), and bank robbery, in violation of 18 U.S.C. § 2113(a).

In United States v. Taylor, the Sixth Circuit rejected the Johnson-based vagueness challenge to § 924(c)(3)(B) that Davis makes. 814 F.3d 340, 375 (6th Cir. 2016). Although Taylor's future is uncertain, Taylor is binding on the Court. See United States v. Richardson, 906 F.3d 417, 425 (6th Cir. 2018) ("[Taylor] forecloses Richardson's argument that [§ 924(c)'s] residual clause is unconstitutional. But more recent decisions from this court and the Supreme Court, however, suggest that Taylor stands on uncertain ground. . . . Nevertheless, we leave the continuing viability of Taylor to another day."). Section 924(c)(3)(B) is not unconstitutionally vague. Davis' convictions are lawful.

Davis' convictions are lawful for an alternative reason. Davis pled guilty to using and carrying a firearm during and in relation to robbery of a credit union and to a bank robbery under 18 U.S.C. § 2113(a). A necessary element of robbery of a credit union and a bank robbery is the use of "force and violence" or "intimidation." 18 U.S.C. § 2113(a). "[I]ntimidation is all it

3

takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence." United States v. Henry, 722 F. App'x 496, 500 (6th Cir. 2018). Davis' convictions are lawful under § 924(c)(3)(A). Davis' motion is DENIED.

The Court must also decide whether to issue a certificate of appealability ("COA"). No § 2255 movant may appeal without a COA. A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

In this case, there can be no question that Davis' claims are meritless for the reasons previously stated. Although Taylor may rest on uncertain ground, no reasonable jurist could disagree that Davis' convictions remain lawful under § 924(c)(3)(A)'s elements clause. Because any appeal by Davis on the issues raised in his motion does not deserve attention, the Court DENIES a COA.

**III. Conclusion**

For the foregoing reasons, Davis' motion is DENIED. A COA is DENIED.

So ordered this 11th day of June, 2019.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE